VENANCIA ORTIZ MARTÍNEZ, demandante-recurrida, *v.* GREAT AMERICAN INDEMNITY CO., demandada-recurrente; FÉLIX MARTÍNEZ, ETC., demandantes-recurridos, *v.* GREAT AMERICAN INDEMNITY Co., demandada-recurrente.

*Números:* 12562 y 12605. *Resuelto:* 4 de agosto de 1961.

*Rafael Rivera Zayas, G. Rivera Cestero* y *A. Segurola de Diego,* abogados de los recurrentes; *Enrique González, L. E. Gandía Argüelles, H. Lugo Bougal* y *C. J. Irizarry Yunqué,* abogados de las partes recurridas.

Sala integrada por el Juez Asociado señor Blanco Lugo, como Presidente de Sala, y los Jueces Asociados señores Rigau y Dávila.

PER CURIAM: Con motivo de un accidente ocurrido en la carretera estatal núm. 1 donde está intersecada por la núm. 738, se radicaron dos demandas separadas por los padres y hermanos de un joven de 18 años que perdió la vida en dicho

accidente: el padre y cuatro hermanos presentaron una y la madre otra. Los padres vivían separados y los hijos vivían en compañía de la madre. El padre tenía otros hijos, pero mantenía relaciones con el occiso. Se celebró el juicio de ambos casos conjuntamente. Ante nos están consolidados. La sentencia recurrida le concede a la madre $25,000 más $5,000 de honorarios de abogado; al padre, $10,000, y $5,000 a cada uno de los hermanos, más $5,000 de honorarios. Son distintos los abogados en cada pleito.

La recurrente señala como errores cometidos los siguientes: (1) la indemnización concedida es mayor que la cubierta de la póliza; (2) no hay evidencia que sostenga la conclusión de la corte a quo al efecto de que el vehículo asegurado y contra el que chocó la moticicleta donde viajaban el causante de los demandantes venía por la carretera que intercepta la núm. 1, siendo lo cierto que ambos vehículos transitaban por la misma vía y, (3) lo excesivo de la indemnización.

El primer error es innecesario discutirlo por el resultado a que llegamos al considerar el tercero de los errores señalados.

El segundo no se cometió. En ninguna parte de sus conclusiones expresa el juez de instancia que el vehículo conducido por el agente del asegurado venía por la carretera núm. 738. Además no tiene importancia cómo llegó el vehículo del asegurado al sitio de donde súbitamente irrumpió a la Carretera Central. La versión del accidente que claramente se expuso durante el juicio sostiene la conclusión del tribunal recurrido. La corte concluyó que el vehículo del asegurado abandonó el sitio donde estaba situado y cruzó súbitamente la carretera núm. 1. Esta conclusión está sostenida por la prueba.

El tercer error se cometió y procede la modificación de las sentencias. Teniendo en cuenta todas las circunstancias que rodean el caso nos parece excesiva la indemnización concedida. Por así entenderlo, la reducimos a las cantidades que a continuación expresamos:

Apelación núm. 12562:

| | |
|---|---|
| Venancia Ortiz Martínez | $20, 000. 00 |
| Honorarios de Abogado | 2, 000. 00 |

Apelación núm. 12605:

| | |
|---|---|
| Félix Martínez | 2, 000. 00 |
| Miguel Angel Martínez Ortiz | 2, 000. 00 |
| Carmen Delia Martínez Ortiz | 2, 000. 00 |
| Asunción Martínez Ortiz | 2, 000. 00 |
| Santiago Martínez Ortiz | 2, 000. 00 |
| Honorarios de Abogado | 1, 000. 00 |

*Así modificada, se confirma.*